An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ZENAS ZELOTES, BAR NO. 7569.

No. 66809

FILED

DEC 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER IMPOSING RECIPROCAL DISCIPLINE

This is a petition under SCR 114 to reciprocally discipline attorney Zenas Zelotes based on discipline imposed upon him by the State Bar of Connecticut. Zelotes self-reported the discipline in accordance with SCR 114(1). Zelotes has filed a response to the petition.

Zelotes was disciplined in Connecticut for his conduct with a woman who became a client and her husband, Terry and Michael Aliano. The Alianos were having marital problems when they met Zelotes and his girlfriend at a jazz bar in March 2010. The four became friends and began to spend time together. Zelotes then began an independent relationship with Terry. Zelotes began advising Terry about her divorce as an attorney and as a friend, despite knowing she had retained counsel. He denied any sexual involvement with Terry, but admitted that they did share time alone, drinking wine and holding hands. In September 2010, Zelotes entered an appearance in the divorce case on behalf of Terry.

Zelotes had a formal retainer agreement with Terry of $10,000 and his standard rate of $200 or $250 per hour. He put his bankruptcy practice on hold so he could devote his attention to Terry's case. Terry's bill rose to $20,000, but since she was not awarded fees by the divorce court, Zelotes released her from her obligation. He also worked out a quid

14-41008

pro quo arrangement for her to work in his office in exchange for some of her debt to him.

After discovering Zelotes's and Terry's personal relationship, Michael filed a motion in the divorce court to disqualify Zelotes from representing Terry. The court granted the motion, and afterward, Terry and Zelotes ceased their relationship.

The Connecticut State Bar found that Zelotes violated Connecticut Rules of Professional Conduct 1.7(a)(2) (conflict of interest: current clients) and CRPC 8.4 (misconduct). Nevada's comparable rules appear to be Rule of Professional Conduct 1.7(a)(2) (conflict of interest: current clients) and PRC 8.4 (misconduct). In aggravation, the Connecticut bar considered Zelotes past disciplinary history, his lack of remorse, and his failure to perceive the risks associated with his actions. In mitigation, the bar considered Zelotes's belief that his actions were benevolent and for Terry's benefit. On appeal, the Connecticut appellate court affirmed the Connecticut superior court's decision to suspend Zelotes for five months.

Pursuant to SCR 114(5), a final adjudication in another jurisdiction that an attorney has engaged in misconduct conclusively establishes the misconduct for purposes of Nevada's reciprocal disciplinary rules. SCR 114(4) provides that this court shall impose identical reciprocal discipline unless the attorney demonstrates, or this court finds, that one of four exceptions applies. None of those exceptions is present here.

Accordingly, we grant the petition for reciprocal discipline. Attorney Zenas Zelotes is hereby suspended from the practice of law in

Nevada for five months, retroactive to August 1, 2014. Zelotes and the State Bar shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Saitta

cc:    David A. Clark, Bar Counsel
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Zenas Zelotes
Perry Thompson, Admissions Office, United States Supreme Court